UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:23-cv-20787-WILLIAMS/REID

YASMIN GALARZA,

    Plaintiff,

v.

ROSS DRESS FOR LESS INC.,

    Defendant.
_____/

**REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO STRIKE
ALLEGATION OF NEGLIGENT MODE OF OPERATION
FROM PLAINTIFF'S COMPLAINT**

This matter is before the Court on Defendant Ross Dress For Less, Inc.'s ("Ross") Motion to Strike Allegation of Negligent Mode of Operation from Plaintiff's Complaint [ECF No. 4] which was referred to me pursuant to 28 U.S.C. § 636. Ross argues paragraphs 14(d) and 14(e) of the complaint should be stricken pursuant to Federal Rule of Civil Procedure 12(f) because Fla. Stat. § 768.0755 precludes Plaintiff from relying on "mode of operation theory" as a basis for liability in this slip-and-fall case. [ECF No. 4]. Plaintiff has not filed a response. For the reasons set forth below, the undersigned respectfully **RECOMMENDS** that Defendant's Motion to Strike be **GRANTED**. [ECF No. 4].

### I.   BACKGROUND

This is an action for damages based upon the alleged negligence of Ross. Plaintiff contends she stepped on a stray clothing security tag sensor pin while walking inside a Ross retail store. Plaintiff asserts various competing premises liability theories against Ross. In certain paragraphs,

1

Plaintiff relies upon actual or constructive notice to establish a breach of one of the common law duties Ross owed to Plaintiff. [ECF No. 1-1] In another paragraph—paragraph 14—Plaintiff appears to rely upon a "mode of operation" theory to establish a breach of one of the common law duties owed by Ross to Plaintiff. More specifically, Plaintiff alleges that Ross breached its duty to Plaintiff "by failing to implement procedures requiring its agents . . . to report possible unsafe conditions" and "by failing to implement procedures and requiring routine inspections of the retail shopping area . . . ." [ECF No. 1-1. ¶ 14(d)–(e)] Ross acknowledges that Plaintiff has not explicitly stated the words "mode of operation," but contends the allegations concerning procedures show that Plaintiff is relying in part upon a negligent mode of operation theory to sustain her premises liability cause of action. [ECF No. 4 at 2].

## I.     LEGAL STANDARD

Rule 12(f) of the Federal Rules of Civil Procedure allows a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike serve to "clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." *Caldwell v. Johnson Controls Sec. Sols. LLC, Inc.*, 18-61672-CIV, 2019 WL 2247542, at *1 (S.D. Fla. Feb. 11, 2019) (quoting *Wiand v. Wells Fargo Bank, N.A.*, 938 F. Supp. 2d 1238, 1250 (M.D. Fla. 2013)). Motions to strike are generally disfavored and "will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Id.* (quoting *King v. Metropolitan Life Ins. Co.*, 331 F. Supp. 2d 1361, 1362 (M.D. Fla. 2003)).

## II.     DISCUSSION

Ross argues that the "mode of operation" theory is now defunct under Florida law. Ross explains that Fla. Stat. § 768.0710, which had partially codified the Florida Supreme Court's

decision in *Owens v. Publix Supermarkets, Inc.*, 802 So. 2d 315 (Fla. 2001), stated that (i) a plaintiff need not prove that a premises owner had actual or constructive knowledge of a transitory foreign substance; and (ii) that a plaintiff could establish negligence using a mode of operation theory, which allowed for liability to be imposed simply on the basis that a premises owner operated an establishment in a negligent manner, regardless of whether the premises owner had actual or constructive knowledge of the specific factual circumstances resulting in injury. *Owens*, 802 So. 2d at 331–32. However, prior to the date of loss in this case, the Florida Legislature enacted Fla. Stat. § 768.0755, which repealed Fla. Stat. § 768.0710, and which addressed the burden of proof in premises liability cases involving transitory foreign objects. Pursuant to Fla. Stat. § 768.0755, a plaintiff is now required to prove that the business establishment had actual or constructive knowledge of the transitory foreign object and should have taken action to correct it. The statute precludes a plaintiff from attempting to establish liability simply by demonstrating that the business establishment's mode of operation of the premises was negligent.

In *Caldwell*, another court in this district adopted the magistrate judge's recommendation that an allegation concerning the defendant retail store's procedures and mode of operation be stricken from the plaintiff's complaint. 18-61672-CIV, 2019 WL 2247541, at *1 (S.D. Fla. Mar. 7, 2019). Specifically, the court ordered that the clause— "by failing to have reasonable policies, procedures, and a mode of operation in place to inspect and maintain the dressing rooms in order to remove the nails for unsuspecting customers"—be stricken from the second amended complaint as "immaterial, impertinent, or scandalous." *Id.* In recommending that the clause be stricken, the magistrate judge relied on *Woodman v. Bravo Brio Restaurant Group, Inc.*, 6:14-CV-2025-ORL-40, 2015 WL 1836941 (M.D. Fla. Apr. 21, 2015). There, the U.S. District Court for the Middle District of Florida expressly rejected the plaintiff's argument that a negligent mode of operation

3

theory survived the enactment of Fla. Stat. § 768.0755 and ultimately granted the defendant's motion to strike the allegation from the complaint. *Id.*

Here, Ross requests that paragraphs 14(d) and 14(e) of the complaint be stricken to the extent that these rely upon the inapplicable negligent mode of operation theory to establish liability for negligence.[1] [ECF No. 4 at 3]. Paragraph 14(d) provides: "Defendant, by and through its agents, servants, and/or employees breached the aforesaid duty to Plaintiff Yasmin Galarza by . . . failing to implement procedures requiring its agents, servants, employees, and/or representatives to report possible unsafe conditions/ to wit, unsafe, unsteady, and/or unreasonably dangerous conditions located on its premises." [ECF No. 1-1 at 3]. Paragraph 14(e) states: "Defendant, by and through its agents, servants, and/or employees breached the aforesaid duty to Plaintiff Yasmin Galarza by . . . failing to implement procedures requiring routine inspections of the retail shopping area on Defendant's premises." *Id.*

After reviewing the pleadings and relevant case law, I agree that paragraphs 14(d) and 14(e) should be stricken from the Complaint. First, Plaintiff's failure to respond to Ross's arguments is a sufficient basis upon which to grant the motion to strike. *Decosta v. ARG Res., LLC*, 12-23482-CV, 2012 WL 12865835, at *3 (S.D. Fla. Dec. 7, 2012) (explaining failure to respond to arguments regarding particular claims is a sufficient basis to dismiss such claims as abandoned or by default). Second, since the enactment of Fla. Stat. § 768.0755, courts in this district have consistently rejected allegations relying on a mode of operation theory. *See, e.g.*, *Kohli v. Pembroke Lakes Mall, LLC*, CV 17-60967-CIV, 2017 WL 4863089, at *2 (S.D. Fla. Oct. 26, 2017) (striking allegations regarding mode of operation); *Ledesma v. Ross Dress for Less, Inc.*, 20-

---

[1] Ross also argues that Paragraph 11 should be stricken. That appears to be a typographical error, however, because Paragraph 11 mentions nothing about liability theories and simply states: "The Plaintiff, Yasmin Galarza, adopts and re-alleges paragraphs 1-10, as if they were reproduced herein, and further alleges . . . ." [ ECF No. 1-1 at 3].

20405-CIV, 2020 WL 13388299, at *4 (S.D. Fla. Sept. 14, 2020) (instructing Plaintiff not to include allegations relying on a mode of operation theory in amended complaint).

And although Paragraphs 14(d) and 14(e) do not contain the phrase "mode of operation" both paragraphs would allow Plaintiff to establish a claim for relief simply by showing that Ross acted negligently by failing to exercise reasonable care in the maintenance and inspection of the store, without any showing that it had actual or constructive knowledge of the transitory foreign substance. In *Caldwell*, the court rejected the Plaintiff's proposal to remove the phrase "mode of operation" from the complaint after the defendant moved to strike the offending language. 2019 WL 2247542, at *3–4. *Caldwell* explained that the proposed revision was insufficient because "failing to have a reasonable mode of operation to inspect and maintain the dressing rooms is no different from failing to have reasonable policies and procedures to inspect and maintain the dressing rooms." *Id.* at 4. This, the court explained, was contrary to the intent of the Florida Legislature. *Id.*

Here too, allowing Plaintiff to allege that Ross was negligent "by failing to implement procedures requiring its agents . . . to report possible unsafe conditions" and "by failing to implement procedures and requiring routine inspections of the retail shopping area . . . ." would be contrary to § 768.0755's requirement that a slip and fall plaintiff prove actual or constructive knowledge in order to recover. *See Woodman*, 2015 WL 1836941 at *3. Because Plaintiff cannot rely on the negligent mode of operation theory, I respectfully **RECOMMEND** that paragraphs (14)(d) and 14(e) be stricken from the Complaint. Both paragraphs should be stricken as "immaterial, impertinent, or scandalous." Fed. R. Civ. P. 12(f).

Objections to this Report may be filed with the district judge within **FOURTEEN** (14) days of receipt of a copy of the Report. Failure to timely file objections will bar a *de novo*

determination by the district judge of anything in this Report and shall constitute a waiver of a party's "right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1; *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020); 28 U.S.C. § 636(b)(1)(C).

    **SIGNED** this 25th day of July, 2023.

*[signature]*
LISETTE M. REID
UNITED STATES MAGISTRATE JUDGE

**cc:  All Counsel of Record**